IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

C. D. PICKLE, JR.                                                                                    PETITIONER

v.                                                                                          No. 4:21CV9-SA-JMV

BURL CAIN, ET AL.                                                                              RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of C. D. Pickle, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for want of substantive merit, and Mr. Pickle has filed a Traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for want of substantive merit.

*Habeas Corpus Relief Under 28 U.S.C. § 2254*

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar

  as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

*Facts and Procedural Posture*

  On January 26, 2021, petitioner C. D. Pickle, Jr. ("Petitioner" or "Pickle") filed a handwritten "Habeas Corpus Motion" asserting that such "is not a statutory section 2254 – habeas challenging [his] conviction or sentence, but the Constitutional habeas corpus to challenge the condition of [his] being held in involuntary servitude." Doc. 1 at 2. Mr. Pickle alleges that there is no "judgment of conviction and sentence" "showing any conviction or sentence of imprisonment against [him]." *Id*. at 2-3. As such, he alleges that he is being held illegally by the Mississippi Department of Corrections (MDOC) and requests that this court "issue an order for [his] release from under this involuntary servitude." *Id*. at 4. In support of his claim, Mr. Pickle attaches a copy of his criminal docket in Cause No. 19107-CICR in the Leflore County Circuit Court and alleges that, because the docket does not reflect a conviction or sentencing order, he is being held illegally. *Id*. at 7-10. Mr. Pickle also filed a "Motion to Amend Original Habeas Corpus with Additional Exhibits" and included a facsimile cover sheet from the Holmes County Circuit Court, which states that "all [his] records are housed with [the] Leflore County Circuit Clerk." Doc. 8.

*Discussion*

The petitioner's allegation that no judgment of conviction exists is squarely contradicted in the record. C. D. Pickle was convicted of capital murder and sentenced to death by the Circuit Court of Holmes County. *See Pickle v. State*, 345 So. 2d 623 (Miss. 1977). On May 4, 1977, the Mississippi Supreme Court reversed and remanded Pickle's conviction and sentence for a new trial. *Id*. Mr. Pickle then received a new trial in the Circuit Court of Leflore County, and on March 31, 1978, he was again convicted of capital murder, but sentenced to life. Exhibit A[1] (Sentencing Order and Commitment, Leflore County Circuit Court Cause No. 19,107).

Thus, Mr. Pickle's claims in the instant Petition that there is no judgment of conviction or sentence against him and that MDOC is illegally holding him in involuntary servitude are simply false and will be dismissed with prejudice.

*Conclusion*

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 12th day of May, 2021.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.